IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE R. PALOMAR, II,

      Petitioner,                      No. 2:12-cv-2877 JAM CKD P

    vs.

DIRECTOR OF CORRECTIONS,

      Respondent.                   ORDER

_____/

        Petitioner is a state prisoner proceeding pro se. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Here, petitioner has filed a petition consisting of several hundred pages and raising numerous issues, most of which are not cognizable on habeas review. After petitioner raised

1

similar issues in a complaint filed pursuant to 42 U.S.C. § 1983 in Case No. 2:10-cv-3477 JAM CKD P (E.D. Cal.), the court noted in a screening order that, if petitioner wished to challenge the Board of Parole Hearings' denial of parole on due process grounds, "the proper vehicle for such a challenge is a petition for writ of habeas corpus." (Id., Dkt. No. 11 at 5.)  Petitioner proceeded to file the instant petition, but did not limit his allegations to those cognizable on habeas review.  Rule 4 dismissal is appropriate for petitioner's various allegations concerning his conditions of confinement.

Petitioner also alleges that the Board of Parole Hearings improperly denied him parole at his initial parole consideration hearing in 1990 and at numerous subsequent hearings.  Petitioner may not proceed in a single federal habeas petition to challenge two or more parole denials.  Each challenged denial must be the subject of a separate petition for habeas corpus.  See Rule 2(e), Fed. Rules Governing § 2254 Cases; see also Magwood v. Patterson, 130 S. Ct. 2788, 2798 (2010).  Thus the petition will be dismissed and petitioner will be granted leave to file an amended petition properly challenging one instance of the Board's denial of parole.

In accordance with the above, IT IS HEREBY ORDERED THAT:

1. Petitioner's request for leave to proceed in forma pauperis is granted;

2. The petition is dismissed pursuant to Rule 2(e) and Rule (4), for the reasons set forth above; and

3. Petitioner is granted thirty days from the date of this order to file an amended petition.  Failure to timely file an amended petition will result in a recommendation that this action be dismissed.

Dated: January 29, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / palo2877.Rule4