IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE R. PALOMAR, II,

        Petitioner,                    No. 2:12-cv-2877 JAM CKD P

   vs.

DIRECTOR OF CORRECTIONS,

        Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner, proceeding pro se and in forma pauperis, who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 30, 2013, the original petition in this action was dismissed pursuant to Rules 2(e) and Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. (Dkt. No. 9.) Petitioner was granted leave to file an amended petition, which is now before the court. (Dkt. No. 11.)

        The undersigned finds that petitioner has failed to cure the defects of the original petition. Like its predecessor, the amended petition raises numerous issues not cognizable on habeas review and appears to challenge two or more denials of parole. (See Dkt. No. 9 at 1-2.) Insofar as petitioner seeks to challenge the Board of Parole Hearings' December 2, 2008 decision to deny parole (see Dkt. No. 11 at 35-43), he does not allege, nor do attachments to the amended petition indicate, that he did not receive the process due under Swarthout v. Cooke, ___ U.S.

___, 131 S. Ct. 859, 861 (2011), namely "an opportunity to be heard" and "a statement of the reasons why parole was denied." Id. at 862.  Under Swarthout, petitioner cannot state a claim for federal habeas relief by alleging that the Board lacked sufficient evidence of his dangerousness to deny parole.

As it appears a second opportunity to amend would be futile, the court will recommend that the amended petition be dismissed pursuant to Rule 4.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. The amended petition (Dkt. No. 11) be dismissed; and

2. This case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

Dated: March 18, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
palo2877.Rule4_fr